# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2021

Lyle W. Cayce
Clerk

No. 20-60615
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GREGORY A. MCLIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:17-CR-110

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

In 2018, Gregory A. McLin was sentenced to 97 months in prison and 10 years of supervised release after pleading guilty to possession of child exploitation images involving a minor who had not attained the age of 12. 18 U.S.C. § 2252(a)(4)(B) and (b)(2). McLin appeals the district court's denial

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60615

of his motion for a compassionate release sentence reduction, 18 U.S.C. § 3582(c)(1)(A), based on the COVID-19 pandemic and his ailing mother whom he claimed had no one able to care for her. He requested that the district court do one of three things: (1) grant his release, (2) order him to serve the remainder of his prison sentence at home, or (3) reduce his prison sentence to time served and order him to serve supervised release, at home, for the remainder of his original prison term pursuant to 18 U.S.C. § 3583(e)(4).

We review the district court's decision for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In reliance on *United States v. Chavez-Meza*, 138 S. Ct. 1959, 1965 (2018), McLin argues on appeal that the district court abused its discretion by not providing an individualized explanation for its decision.

The district court's discussion of the facts of McLin's case and its reasons for denying release in its eight-page opinion demonstrate that it considered his arguments and had "a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007); *see also Chavez-Meza*, 138 S. Ct. at 1965 (assuming *arguendo* that a district court has an equivalent duty to explain an initial sentence and a sentence modified under 18 U.S.C. § 3582(c)(2)). Although the district court did not specifically address McLin's mitigation arguments, there is no indication that the district court did not consider them. *See Rita*, 551 U.S. at 356 (holding that an opinion does not necessarily have to respond to every argument).

The district court's judgment is AFFIRMED.